IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CONNIE JEAN GRIFFETH, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | CASE NO. 3:16-CV-26-MSH |
| : | Social Security Appeal |
| CAROLYN W. COLVIN, : | |
| Acting Commissioner of : | |
| Social Security, : | |
| : | |
| Defendant. : | |

# ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability insurance benefits and Supplemental Security Income (SSI), finding that she was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards

were applied.  *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).  "Substantial evidence is something more than a mere scintilla, but less than a preponderance.  If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it."  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

    The Plaintiff bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2]  A Plaintiff

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I.      **Whether substantial evidence exists showing that there are significant numbers of jobs which Plaintiff can perform within her assessed RFC.**

II.     **Whether the Appeals Council properly evaluated Plaintiff's new VE opinion.**

III.    **Whether the ALJ assigned appropriate weight to the medical opinions.**

### Administrative Proceedings

Plaintiff Connie Jean Griffeth filed applications for disability insurance benefits and supplemental security income on June 16, 2009, alleging disability to work beginning December 31, 2007. Her claims were denied initially on December 8, 2009, and denied on reconsideration on October 21, 2010. She requested an evidentiary hearing before an administrative law judge (ALJ) on December 17, 2010, and the hearing was conducted on January 31, 2012. Subsequent hearings were held on June 2, 2011 and July 28, 2011. Plaintiff was represented by counsel at the July hearing—conducted by videoconference—and a vocational expert (VE) appeared and gave testimony. Tr. 260. The ALJ issued an unfavorable decision denying Plaintiff's claims but, after review by the Appeals Council, her case was remanded with instructions. Another hearing was held on March 4, 2014, at which Plaintiff was again represented by counsel and testimony was taken from a different VE. A second unfavorable decision was rendered by a different ALJ on June 20, 2014, finding Plaintiff to be not disabled. Tr. 57-83. Plaintiff again requested review by the Appeals Council on August 18, 2014, but was denied on January 11, 2016. Tr. 8-40, 1-7. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff now brings this action for judicial review of the final decision by the Commissioner to deny her applications for benefits.

4

**Statement of Facts and Evidence**

On her alleged onset of disability date, Plaintiff was forty-four years old and classified as a "younger individual." She has a high school education and prior relevant work at the medium exertional level, characterized by the VE as cleaning and custodial work. Tr. 115. In her applications for benefits, she described her impairments as problems with her neck and hands. Tr. 497, 559. In conducting the five-step sequential analysis mandated by the Commissioner's regulations for evaluating claims of disability, the ALJ found Plaintiff to have "severe" impairments of tendonitis, obesity, cervical pain, degenerative joint disease in the ankle, and connective tissue disease. Finding No. 3, Tr. 63. He next found that Plaintiff's severe impairments—considered both alone and in combination—do not meet or medically equal a listed impairment set out in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding No. 4, Tr. 65-66. Between steps three and four of the sequential analysis, the ALJ formulated a residual functional capacity assessment (RFC) which permits Plaintiff to engage in a restricted range of light work with specific motor, postural, and environmental limitations. Finding No. 5, Tr. 66-72. Based on testimony from the VE, the ALJ established that Plaintiff is unable to resume her past relevant work but can perform other jobs available to her in the national economy as an assembler of electrical boxes, hardware assembler, and electronics worker at the light exertional level and as a sorter, bench hand, and final assembler at the sedentary exertional level. Findings 6 & 10, Tr. 73-74. Therefore, the ALJ found her to be not disabled to work at substantial gainful activity. Finding No. 11, Tr. 74.

**DISCUSSION**

Plaintiff first argues that the ALJ's finding that there are significant numbers of jobs which Plaintiff can perform within her assessed RFC is not supported by substantial evidence. Plaintiff further contends that the Appeals Council erred in declining to consider new and material evidence submitted in her request for review relating to the her RFC. Finally, Plaintiff asserts that the ALJ made errors in assigning weight to the medical opinions in the record. Pl.'s Br. 1-2, ECF No. 12. The Commissioner responds that the decision by the ALJ is supported by substantial evidence considering the record as a whole, and that proper legal principles were applied in his determination that Plaintiff is not disabled to work. Comm'r's Br. 2, ECF No. 16.

**I.  Does substantial evidence support the ALJ's finding that there are significant numbers of jobs which Plaintiff can perform within her assessed RFC?**

After determining at step three of the sequential analysis that Plaintiff's impairments do not meet or medically equal a listed impairment, considered either alone or in combination, the ALJ formulated an RFC assessment which allows Plaintiff to "perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), but is limited to occupations with a sit/stand option." He continued, however, adding "(t)he sit/stand option allows the claimant to sit 30 minutes, stand 30 minutes, and walk 30-45 minutes as needed." Additional restrictions not at issue here were also included. Finding No. 5, Tr. 66. Resolution of Plaintiff's first two assertions of error turns on what is meant by "as needed." Light work is a defined term which includes standing and walking on and off for approximately six hours of an eight hour work day. SSR 83-10; *Freeman v.*

*Barnhart,* 220 F. App'x 957, 960 (11th Cir. 2007).  In posing the hypothetical question to the VE, the ALJ asked whether work would be available for someone at light exertion who is "able to sit for 30 minutes at a time, able to stand for 30 minutes at a time, and able to walk for 30-45 minutes at a time."  Tr. 115.  Plaintiff's contention that "as needed" means "at will" is unsupported by the phrasing of the hypothetical.  "As needed" reflects the requirements of light work.  By limiting Plaintiff to light work, the ALJ necessarily found Plaintiff capable of walking, sitting, or standing six hours in an eight hour work day.  The limitation simply requires that these exertions be intermittent—thus the characterization in the hypothetical to "at a time."  *Id.*  No examining medical doctor limited Plaintiff to the extent as she argues, other than by reciting her subjective complaints.  The ALJ discounted her testimony as to her subjective complaints of pain and she raises no issue here about his decision to do so.  *Carson v. Comm'r of Soc. Sec.,* 440 F. App'x 863, 865 (11th Cir. 2011).  Testimony by the VE at the evidentiary hearing in response to the hypothetical question identified three jobs at the light exertional level and three additional jobs at the sedentary exertional level which Plaintiff can perform within her restricted RFC.  This meets the Commissioner's burden of proof at step five and Plaintiff has not met her burden of showing that she cannot do these jobs.  No error exists as to Plaintiff's first assertion.

II.   **Did the Appeals Council properly evaluated Plaintiff's new VE opinion?**

What Plaintiff contends is new and additional evidence in the form of an opinion by a different VE—produced after the evidentiary hearing and submitted to the Appeals Council—addresses jobs within an RFC where the sit/stand option is "at will" and

7

includes walking at will. That is not the case with Plaintiff's RFC. The residual functional capacity is an assessment, based on all relevant evidence of record, of a claimant's ability to engage in work despite impairments. The ALJ adequately considered the medical evidence and formulated an RFC assessment properly describing Plaintiff's ability to work in spite of her impairments. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). No error exists as to Plaintiff's second assertion.

### III. Did the ALJ assign appropriate weight to the medical opinions?

In her third assertion of error, Plaintiff contends the ALJ erred by giving significant weight to the opinions of a state agency reviewing physician and giving only little weight to the opinion of an examining consultative physician. Plaintiff was twice examined by Stephen Schacher, M.D. Dr. Schacher himself, however, limited the reliability of his conclusions noting that they were based almost wholly on Plaintiff's subjective complaints and unsupported by objective testing. In his consultative examination on August 25, 2010, Dr. Schacher handwrote a notation that "her inability seemed subjective. No objective testing abnormalities." Tr. 910. Because his diagnosis was "diffuse joint pain," he ruled out rheumatoid arthritis with two objective clinical tests (which yielded negative results) and characterized the test results in a separate handwritten note as "always negative or normal." Tr. 910. The second examination by Dr. Schacher on September 30, 2010 was identical. The ALJ discounted Dr. Schacher's limitations for the same reasons the doctor expressed his own doubt. This is not error.

As to giving greater weight to the opinion of a non-examining state agency consulting physician, the ALJ was entitled to do so. Dr. Linda Francis reported that

8

Plaintiff had extensive capabilities with few limitations, and the ALJ found her conclusions to be well-supported by and consistent with evidence in the record as a whole.  State agency consultants are considered to be expert in Social Security disability determinations and where, as here, the ALJ finds their opinions to be consistent and well-supported, great weight may be afforded to their findings.  The ALJ did not err in how he considered the opinions of either Dr. Schacher or Dr. Francis.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 23rd day of February, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE